IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN RIVERA, a.k.a. Gabriel Coridad-Rosario, ID # 97389-079,<br>　　　Petitioner,<br>vs.<br><br>DAN JOSLIN,<br>　　　Respondent. | No. 3:05-CV-1500-M |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On July 28, 2005, the Court received a petition for writ of habeas corpus filed by petitioner "Juan Rivera" pursuant to 28 U.S.C. § 2241. On August 3, 2005, the Court issued a Notice of Deficiency and Order (NOD) that directed petitioner to pay the $5 filing fee for this action or submit an application to proceed *in forma pauperis*. On August 18, 2005, the Court received an application to proceed *in forma pauperis* from "Juan Rivera a/k/a Gabriel Coridad-Rosario". Upon review of that application on August 23, 2005, the Court determined that petitioner did not qualify for *in forma pauperis* status and directed that he pay the filing fee within thirty days. The Court also admonished plaintiff that failure to pay the filing fee within the time allotted would result in a recommendation that *in forma pauperis* be denied and that this action be dismissed without prejudice for failure to comply with a court order under Fed. R. Civ. P. 41(b). Despite three attempts to send petitioner the August 23, 2005 order, the order has not reached him because it has been returned

as undeliverable. From the notations on the returned mail, it appears that petitioner's name, Juan Rivera, does not match the prisoner identification number petitioner provided to the Court or that petitioner has moved without submitting a change of address.

It is incumbent upon litigants to provide sufficient information to permit receipt of court orders. For prisoners, this includes providing their name and associated prisoner identification number so that the housing facility will accept mail and forward to the proper recipient. Litigants, furthermore, have a duty to provide a change of address when necessary to update court records. In this instance, it appears that petitioner has failed in one or more of these respects.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (habeas action). In this instance, petitioner has either failed to provide adequate information so that his housing facility can forward mail to him or failed to notify the Court of his change in address. In either event, an order of the Court has been returned as undeliverable. Petitioner has given no indication that he intends to proceed with this action. Accordingly, the Court should dismiss his petition for want of prosecution.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). To increase the chance that petitioner may receive these findings, the Court

directs the Clerk of the Court to mail the findings to "Juan Rivera a.k.a Gabriel Coridad-Rosario" and "Gabriel Coridad-Rosario a.k.a. Juan Rivera".

**SIGNED this 8th day of December, 2005.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE